**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-00-222 (1) |
| | § | C.A. No. C-04-30 |
| LUIS MANUEL ALVARADO-RIVERA, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR EXTENSION OF TIME TO APPEAL**

By order dated July 17, 2005 and entered July 19, 2005, the Court denied Alvarado-Rivera's motion in which he asked that the Court amend its judgment in order to allow him to appeal orders issued by the Court at the same time as its denial of his § 2255 motion. (See D.E. 94, denying D.E. 93).  He argued that, although he had appealed those orders to the Fifth Circuit, the Fifth Circuit never explicitly addressed them.  (See generally D.E. 93). Alvarado-Rivera has now sent a copy to this Court of a letter he filed with the Fifth Circuit, dated July 26, 2005, and received by the Clerk of this Court on August 1, 2005.  (D.E. 96).

In the final paragraph of that letter, he states:

> By copy of this letter to Judge Head, I am respectfully requesting that the time in which I must notice Judge Head's Order dated July 17, 2005 for direct appeal, be suspended pending the outcome of this letter and what, if any, action the Fifth Circuit will take at this juncture in this matter in light of Judge Head's transferring of the record to the Fifth Circuit

1

(emphasis in original).

(DE. 96 at 2).  This Court construes his motion as a motion for extension of time to appeal. For the reasons set forth herein, his motion is DENIED.

As an initial matter, the Court notes that its July 17, 2005 Order was sent to the Fifth Circuit because the physical record in the case is still with that court, not because the Fifth Circuit es expected to rule on the issues addressed therein.  Thus, to the extent that any part of Alvarado-Rivera's motion is based on his mistaken belief that his prior motion remains pending before the Fifth Circuit, his contention finds no factual support in the record.

As to his request that the Court "suspend" the time for filing a notice of appeal until the Fifth Circuit takes some action in response to his letter, the Court is without authority to indefinitely "suspend" the time for filing an appeal.  Rather, a thirty-day extension of time to appeal can be granted only upon a showing of "good cause" or "excusable neglect."  Fed. R. App. P. 4(a)(5).  Nothing in Alvarado-Rivera's motion convinces the Court that he has shown "good cause" or "excusable neglect."

In any event, if Alvarado-Rivera wants to appeal from this Court's July 17, 2005 order, he is free to do so within the period set forth in Fed. R. App. P. 4(a), which has not yet expired.  Fed. R. App. P. 4(a)(1)(B); <u>see also</u> Rule 11, RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS (Fed. R. App. P. 4(a) governs appeals in 2255 proceedings).  That time period expires sixty days after entry of the Court's order, or on September 19, 2005.  (Sixty days after July 19, 2005 is September

17, 2005, which is a Saturday.  The notice is therefore due on Monday, September 19, 2005.  See Fed. R. App. P. 26(a)(3).)  Thus, all Alvarado-Rivera needs to do to appeal from the Court's July 17, 2005 Order is to file a notice of appeal by September 19, 2005 with this Court.

For the foregoing reasons, Alvarado-Rivera's letter motion for "suspension" of the appellate deadline or for extension of time to appeal (D.E. 96), is DENIED.


ORDERED this 10th day of August 2005.


HAYDEN HEAD
CHIEF JUDGE